UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CANDELARIO SILVESTRE BELTRAN-MUNGUIA,<br><br>　　　　　Defendant. | NO. CR-05-0169-LRS<br><br>**ORDER** |

BEFORE THE COURT, is *pro se* Defendant Beltran-Munguia's motion for relief from judgment, motion to withdraw guilty plea; and motion to arrest judgment and sentence. Defendant requests oral argument on March 30, 2006 at 9:00 a.m., although Defendant did not consult with the presiding judge's courtroom deputy to determine whether this was an available hearing date and time.

DISCUSSION

Pursuant to Local Rule 7.1 (h)(3), the Court may in its discretion determine that oral argument is not warranted and proceed to determine any motion brought under this rule without oral presentation. Further, the Court may on its own motion grant an expedited hearing under Local Rule 7.1 (h)(6). The Court will determine defendant's motions without oral presentation and on an expedited basis.

///

ORDER ~ 1

Pursuant to Federal Rules of Criminal Procedure Rule 34, the defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere, or within such time as the court sets during the 7-day period. Defendant has move to arrest judgment outside of the 7-day period. The Court entered an ORDER ACCEPTING GUILTY PLEA on November 9, 2005 (Ct. Rec. 20) and a JUDGMENT was entered on February 9, 2006 (Ct. Rec. 30).

A "motion for arrest of judgment" is a post-verdict motion made to prevent the entry of a judgment where the charging document is insufficient or the court lacked jurisdiction to try the matter. This is not a case where a motion to arrest judgment is appropriate as a verdict has not been handed down in this matter.

Defendant requests to withdraw his guilty plea. Defendant pleaded guilty to Count 1 on November 9, 2005. The Court imposed a sentence on February 7, 2006. A defendant seeking to withdraw a guilty plea has the burden of showing the existence of any fair and just reason to permit the withdrawal of his guilty plea <u>before</u> his sentencing. Fed.Rules Cr.Proc.Rule 11. Once accepted, a guilty plea may not automatically be withdrawn at defendant's whim. *United States v. Brown*, 250 F.3d 811, 815 (3d Cir.2001). Finally, and typically, a motion to withdraw a guilty plea is considered part of the direct appeal process or by a motion under 28 U.S.C. §2255. The Court notes that Defendant filed an appeal on February 12, 2006. Accordingly,

**IT IS ORDERED** that Defendant's motions for relief from judgment, to withdraw guilty plea, and to arrest judgment and sentence, filed on February 23, 2006, shall be determined without oral presentation and on an expedited basis.

ORDER ~ 2

**IT IS FURTHER ORDERED** that Defendant's motion to withdraw guilty plea (Ct. Rec. 42) is **DENIED**. Defendant's motion to arrest judgment and sentence (Ct. Rec. 39) is **DENIED**. Defendant's motion for relief from judgment (Ct. Rec. 38) is **DENIED.**

The District Executive is directed to file this Order and provide copies to counsel AND pro se Defendant.

DATED this 2nd day of March, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge